IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ASHLEY BURKE, *individually and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> SETERUS, INC., <br><br> Serve: CT Corporation System <br> 4701 Cox Road, Suite 285 <br> Glen Allen, VA 23060 <br><br> Defendant. | Civil Action No. 3:16cv785 |

## COMPLAINT

COMES NOW the Plaintiff, *individually and on behalf of a class of similarly situated persons*, by counsel, and for her Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. Because of Congress' concern with a consumer's privacy, credit reports can only be disseminated or obtained for certain designated purposes as established in § 1681b. Section 1681b establishes the all-inclusive purposes under which a consumer reporting agency may furnish consumer reports and, in turn, the specific purposes for which a user may obtain a report and "no other." 15 U.S.C. § 1681b(a)(3).

2. Among those permissible purposes, the FCRA provides that a user may obtain a report for "review" purposes, *i.e.*, "where the creditor has an existing account relationship with the consumer *and* uses the report solely to decide whether to modify the terms of the account." Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 13-14 (emphasis in original).

1

3. This consumer class action challenges the policy and procedure of Defendant Seterus, Inc. ("Seterus"). On multiple occasions, Seterus unlawfully obtained Plaintiff's credit report for an "account review" purpose even though Plaintiff no longer had an account relationship with Seterus. This case seeks class-wide relief for Seterus's illegal acquisition of consumer reports in violation of § 1681b of the FCRA.

4. Plaintiff further alleges individual claims against Seterus, who reported inaccurate information in Plaintiff's credit file and refused to correct this information after Plaintiff lodged multiple disputes to Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this Division and significant part of the Plaintiff's claims occurred in Virginia.

## PARTIES

7. Plaintiff Ashley Burke ("Ms. Burke") is a natural person who resides in the Richmond Division of Virginia. Ms. Burke is a consumer as defined by the FCRA at §1681a(c).

8. Defendant Seterus, Inc. is a foreign corporation doing business in Virginia. Seterus is a "furnisher" and "user" of consumer reports as used in the FCRA.

## FACTS

9. In April 2015, Plaintiff received a bankruptcy discharge from the United States Bankruptcy Court for the Eastern District of Virginia.

10. As a result of her bankruptcy, Plaintiff's mortgage debt with Seterus was discharged.

11. After Plaintiff obtained the discharge, she obtained a copy of her credit report from Equifax and learned that Seterus impermissibly obtained her credit report on multiple occasions, including on May 20, 2015 and November 25, 2015.

12. As reflected by the "inquiries" section of Plaintiff's credit report with Equifax, Seterus obtained Plaintiff's credit report for "account review" purposes.

13. As part of this process, Seterus made a general or specific certification to Equifax that Seterus sought the information to review an account to determine whether Plaintiff continued to meet the terms of her account.

14. Equifax defines an account review purpose as inquiries indicating "a periodic review of your credit history by one of your creditors."

15. Plaintiff had not resided at the property that was subject to the mortgage serviced by Seterus since June. 2013. Shortly after Plaintiff left the property, Seterus secured the property, including changing the locks.

16. Since Plaintiff obtained her bankruptcy discharge, the property has been listed for sale with a real estate agent who advertises that the property is for sale by Fannie Mae, which is the entity that had engaged Seterus to service Plaintiff's mortgage.

17. After Plaintiff obtained her bankruptcy discharge, Seterus had actual knowledge that it did not have a permissible purpose to obtain credit information concerning Plaintiff for the purpose of an account review.

18. Upon information and belief, as a matter of common practice, Seterus obtains consumer reports on consumers for account review purposes even though its relationship with the consumer terminated.

19. The Supreme Court defined willfulness under the FCRA "as conduct of an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should have been known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007).

20. Seterus ran a risk of harm that was either known or so obvious it should have been known.

21. For example, Seterus had clear notice of § 1681b requirements through the Federal Trade Commission's ("FTC") Staff Report published in July 2011. Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 13-14.

22. Seterus's conduct ignores the FTC's clear guidance that a user may only obtain a consumer report for account review purposes when the user: (1) "has an existing account relationship with the consumer;" *and* (2) "uses the report solely to decide whether to modify the terms of the account." *Id*.

23. In this instance, Seterus did not have an existing account relationship with Plaintiff after her bankruptcy; and, it could not have possibly obtained the report to decide whether to modify the terms of the account.

24. Upon information and belief, as a matter of company policy, Seterus obtained consumer reports after its account relationships terminated, including but not limited to circumstances where: (1) the debt on the account had been discharged in bankruptcy; (2) the account was closed with a zero balance; (3) the account had been sold or transferred to a third party; (4) Seterus had foreclosed or sold the property through a short sale or deed in lieu of foreclosure.

25. Seterus knew or should have known that its policy violated § 1681b(f) of the FCRA, yet it adopted an objectively unreasonable interpretation of § 1681b(f). In doing so, Seterus willfully violated the FCRA.

### *Facts Related to Plaintiff's Individual Claim*

26. After Plaintiff obtained the discharge, she obtained copies of her credit reports from Experian, Equifax and Trans Union (the "CRAs"), who were conveying inaccurate information related to her discharge debt with Seterus.

27. For example, Experian inaccurately reported the Seterus account as "open," "$34,129 past due as of [December] 2015," and recent balance of $152,011.

28. Similarly, Trans Union inaccurately reported the Seterus account as $34,129 past due as of December 2015 and with a recent balance of $152,011.

29. After learning of the inaccurate information appearing in her credit reports, Plaintiff submitted multiple disputes to the CRAs explaining that the Seterus account was discharged in her bankruptcy.

30. In turn, Experian, Equifax and Trans Union conveyed notice of Plaintiff's dispute to Seterus.

31. Seterus received notice of Plaintiff's dispute, but it ignored such information and instead simply regurgitated the same information they had previously reported to the CRAs.

32. These reportings were inaccurate, incomplete and materially misleading—the Seterus account was discharged in Plaintiff's bankruptcy.

33. As a result of Defendants' conduct, Plaintiff suffered actual damages including a denial of a mortgage loan due to the Seterus account.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. §§ 1681b(f)
## CLASS CLAIM

34. Plaintiff incorporates the previous allegations above as if set forth herein in full.

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for herself and on behalf of a class initially defined as follow:

> All natural persons: (a) whose consumer report were obtained by Seterus after March 9, 2011; (b) for an account review purpose; and (c) where Seterus's records note that the account relationship had terminated because: (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; (iii) the account had been sold or transferred to a third party; or (iv) Seterus had foreclosed or sold the property through a short sale or deed in lieu of foreclosure.

Plaintiff is a member of this class.

36. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Seterus and the class members may be notified of the pendency of this action by published and/or mailed notice.

37. **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) whether Seterus had a permissible purpose to obtain the Plaintiff and putative class members' consumer reports; (b.) whether Seterus's violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and the

putative class members; and (c.) what is the appropriate amount of statutory and punitive damages for each violation.

38. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. §§ 1681b(f). This claim challenges Seterus's uniform procedures of obtaining consumer reports after its account relationship. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

39. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

40. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a

potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Seterus's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

41. Seterus violated § 1681b(f) of the FCRA as to the Plaintiff and putative class members by obtaining their consumer reports for an account review purpose after their account relationship terminated.

42. These ongoing intrusions were either intentional, or Seterus cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Seterus liable pursuant to 15 U.S.C. § 1681n.

43. Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Seterus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. §1681s-2(b)(1)(A))
### (Individual Claim)

44. Plaintiff incorporates all other factual allegations set forth in the Complaint.

45. On one or more occasions within the past two years, by example only and without limitation, Seterus violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

46. When the Plaintiff mailed her disputes to the CRAs, they used a dispute system named, "e-Oscar", which has been adopted by the CRAs and by their furnisher-customers such

as Seterus. It is an automated system and the procedures used by the CRAs are systemic and uniform.

47. When the CRAs receive a consumer dispute, they (usually via an outsourced vendor) translates that dispute into an "ACDV" form.

48. Upon information and belief, the ACDV form is the method by which Seterus has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

49. Based on the manner in which the CRAs responded to the Plaintiff's disputes, representing that Seterus had "verified" the supposed accuracy of its reporting, Plaintiff alleges that the CRAs did in fact forward the Plaintiff's dispute via an ACDV to Seterus.

50. Seterus understood the nature of the Plaintiff's dispute when it received the ACDV from the CRAs.

51. Notwithstanding the above, Seterus follows a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all Seterus does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that they already had reported to the CRAs.

52. When Seterus receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

53. As a result of Seterus's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

54. The violations by Seterus were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Seterus was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Seterus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE:
(Violation of 15 U.S.C. §1681s-2(b)(1)(B))
(Individual Claim)

56. Plaintiff incorporates all other factual allegations set forth in the Complaint.

57. On one or more occasions within the past two years, by example only and without limitation, Seterus violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, Equifax and/or Trans Union.

58. As Plaintiff detailed in the previous Count, Seterus has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

59. Seterus is aware of the meaning of the dispute codes used by the CRAs in e-Oscar.

60. Seterus does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

61. Seterus understood the Plaintiff's disputes and that the debt had been discharged in bankruptcy.

62. Nevertheless, Seterus ignored such information and instead simply regurgitated the same information they had previously reported to the CRAs.

63. As a result of Seterus's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

64. The violations by Seterus were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Seterus was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Seterus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FOUR:
### (Violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D))
### (Individual Claim)

66. Plaintiff incorporates all other factual allegations set forth in the Complaint.

67. On one or more occasions within the past two years, by example only and without limitation, Seterus violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the its representations within Plaintiff's credit files with Trans Union, Experian, and Equifax without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

68. Specifically, Seterus failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

69. On information and belief, the Plaintiff alleges that Seterus rarely, if ever, adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

70. Furthermore, Seterus knew that the Plaintiff disputed the subject accounts through her dispute letters to Equifax, Experian, and Trans Union.

71. The Plaintiff's disputes were bona fide as Plaintiff's debt was discharged in bankruptcy.

72. As a result of Seterus's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

73. The violations by Seterus were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Seterus was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Seterus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, the Plaintiff moves for class certification and for judgment against the Defendant, individually as alleged for actual and/or statutory damages and punitive damages, as a class as alleged for statutory and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ASHLEY BURKE**

By: _____
Counsel

Kristi Cahoon Kelly, VSB#72791
Camille A. Crandall, VSB#74619
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7570

Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: ccrandall@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James A. Francis (*pro hac vice forthcoming*)
John Soumalis (*pro hac vice forthcoming*)
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

*Counsel for Plaintiff*