## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| **ASHLEY BURKE,** *individually and on behalf of a class of similarly situated persons,* | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action 3:16-cv-00785 (JAG)** |
| | : | |
| **SETERUS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, Ashley Burke ("Plaintiff"), and Seterus, Inc. ("Defendant"), through their respective Counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on March 12, 2018, at 9:00 A.M., after notice to the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the Litigation and over all

settling Parties hereto.

2.  **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Settlement Class"):

> All natural persons: (a) whose FICO scores were obtained by Seterus' Operations Team; (b) after September 22, 2011; and (c) where Seterus' records note that (i) the person's debt on his or her account had already been discharged in bankruptcy pursuant to either Chapter 7 or Chapter 13 of the U.S. Bankruptcy Code; (ii) the consumer's loan was closed with a zero balance; (iii) the servicing of the consumer's loan had been sold or transferred to a third party; or (iv) the real property securing the consumer's home loan had been foreclosed or sold through a short sale or deed in lieu of foreclosure at the time the FICO score was obtained.

The Parties estimate there are 44,014 such Settlement Class Members.

3.  **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary appoints Ashley Burke as the class representative for the Class.

4.  **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel under Fed. R. Civ. P 23(g)(1): Kristi C. Kelly and Andrew Guzzo of Kelly & Crandall, PLC and Francis & Mailman, P.C.

5.  **Preliminary Certification of the Class** – The Court preliminarily finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

a.  The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

b.  There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

c.  The claims of the Class Representative are typical of the claims of the Settlement Class Members;

d.  The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

e.  The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

6.  **Class Action Administration:** RSM US LLP is approved as the Class Administrator (the "Settlement Administrator"). The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Class Members as directed in the Settlement Agreement. Administration Expenses shall be paid in accordance with the Settlement Agreement. The settlement checks shall issue from the Settlement Fund only and the Settlement Administrator will verify that the settlement checks were mailed.

7.  **Class Notice:** The Court approves the form and content of the Class Notice and Claim Form attached as Exhibits B and C to the Settlement Agreement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed

notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on Class Members. The Notice Plan is designed for notice to reach a significant number of Class Members and is otherwise proper under Rule 23(e)(l).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(l) and satisfies due process.

8. **<u>Exclusions from the Settlement Class:</u>** The Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by the individuals within the Settlement Class to be excluded must be in writing, sent to the Settlement Administrator and postmarked no later than February 14, 2018.  To be valid, a request for exclusion must be personally signed and must include:  (i) Full name, address and telephone number; (ii) contain the personal and original signature of the Class Member; and (iii) a specific statement that the Class Member wants to be excluded from the Settlement Class.  No persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member, may be considered valid Opt-Outs. Requests for exclusion that do not

comply with any of the foregoing requirements are invalid.  A Class Member who properly opts out may not also object to the Settlement Agreement.

9. **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above but instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature) in accordance with Section 3.4.3 of the Settlement Agreement, along with any papers in support of their position, and serve copies of all such papers on Class Counsel, Kristi C. Kelly, Kelly & Crandall, PLC, 3925 Chain Bridge Road, Suite 202, Fairfax, VA 22030 and the Defendant's Counsel, Bryan A. Fratkin, McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, VA 23219. Objections must be filed and served so that they are received no later than February 14, 2018. The objection must indicate whether the Settlement Class Member and/or his attorney(s) intends to appear at the Final Fairness Hearing. Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

10. **Final Approval:** The Court shall conduct a Final Fairness Hearing on March 12, 2018, at 701 East Broad Street, Richmond, Virginia, commencing at 9:00 A.M., to review and rule upon the following issues:

    a.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

b.   Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

c.   To discuss and review other issues as the Court deems appropriate.

11.   Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

12.   An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for class representative service awards, shall be made in accordance with the Settlement Agreement and shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing.

13.   All proceedings in this Action as they relate to claims against Defendant are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

14.   Pending final determination of whether the Settlement should be approved, Plaintiff, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes

themselves from the Settlement in a manner that complies with Paragraph 9 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15.     If the Settlement Agreement and/or this Order are voided per Section 10.3 of the Settlement Agreement:

    a.   The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

    b.   Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

    c.   The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

    d.   The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16.     The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate.  The Court preliminarily finds that: (a) the proposed Settlement Agreement resulted from arms-length negotiations; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and

weaknesses of the Class Representative's and Class Members' claims; (c) Class Counsel represent that they have concluded that the Settlement Agreement is fair, reasonable, and adequate; and (d) the proposed Settlement Agreement appears to be in the best interest of the Class Representative and Class Members.

17.     The Order is not admissible as evidence for any purpose against Class Representative, Class Members or Defendant in any pending or future litigation.  This Order shall not be construed or used as an admission, concession or declaration against either the Class Representative, Class Members, or Defendant with respect to the strengths or weakness of any claim or defense in the Litigation.  The Parties' actions in this matter have been taken for settlement purposes only for the purpose of resolving the claims between the Class Representative, Class Members, and Defendant in this litigation.

18.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____9/12/17_____

_____/s/_____
John A. Gibney, Jr.
United States District Judge

_____
United States District Judge

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **ASHLEY BURKE**, *individually and on* | : |
| *behalf of a class of similarly situated persons,* | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :    **Civil Action 3:16-cv-00785 (JAG)** |
| | : |
| **SETERUS, INC.,** | : |
| | : |
| **Defendant.** | : |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### AND RELEASE OF CLAIMS

**You may be eligible to receive up to $50.00. Continue reading to learn more.**

*IF SETERUS, INC. WAS YOUR MORTGAGE LOAN SERVICER AND OBTAINED YOUR FICO CREDIT SCORE AFTER SEPTEMBER 22, 2011 AFTER (I) YOUR LOAN WAS DISCHARGED IN CHAPTER 7 OR CHAPTER 13 BANKRUPTCY; (II) YOUR LOAN WAS CLOSED WITH A ZERO BALANCE; (III) THE SERVICING OF YOUR LOAN HAD BEEN SOLD OR TRANSFERRED TO A THIRD PARTY; OR (IV) THE REAL PROPERTY SECURING YOUR HOME LOAN HAD BEEN FORECLOSED OR SOLD THROUGH A SHORT SALE OR DEED IN LIEU OF FORECLOSURE, YOUR LEGAL RIGHTS MAY HAVE BEEN AFFECTED, AND YOU MAY BE ENTITLED TO BENEFITS FROM A PROPOSED CLASS ACTION SETTLEMENT*

This Notice informs you about a class action lawsuit and proposed settlement. Currently pending in the United States District Court for the Eastern District of Virginia is an action entitled *Burke v. Seterus, Inc.*, Case No. 3:16-cv-00565-JAG ("Action"). Without admitting liability, Seterus, Inc. ("Seterus") has agreed to a settlement with plaintiff and the class ("Settlement"). On **September 11, 2017**, Judge John A. Gibney, Jr. tentatively approved a proposed Settlement in the Action. This Notice advises you of the benefits that may be available to you under the proposed Settlement and your rights and options as a Settlement Class Member, and notifies you that a Fairness Hearing will be held on **March 12, 2018**, to approve the Settlement.

### WHAT IS THE ACTION ABOUT?

**1. What are the allegations?** On September 22, 2016, Plaintiff Ashley Burke filed this Action asserting individual and class-wide claims for monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b and injunctive relief. The Action contends that Seterus ("Defendant") lacked a permissible purpose to obtain consumers' FICO credit scores from Experian on or after September 22, 2011 after **(i) the consumer's loan was discharged in Chapter 7 or Chapter 13 bankruptcy; (ii) the consumer's loan was closed with a zero balance; (iii) the servicing of the consumer's loan had been sold or transferred to a third party; or (iv) the real property securing the consumer's home loan had been foreclosed or sold through a short sale or deed in lieu of foreclosure**

**2. Who are the Class Members?** For purposes of settlement only, the Court preliminarily certified a class defined as: All natural persons: (a) whose FICO scores were obtained by Seterus' Operations Team; (b) after September 22, 2011; and (c) where Seterus' records note that the **(i) the person's loan was discharged in Chapter 7 or Chapter 13 bankruptcy; (ii) the person's loan was closed with a zero balance; (iii) the servicing of the person's loan had been sold or transferred to a third party; or (iv) the real property securing the person's home loan had been foreclosed or sold through a short sale or deed in lieu of foreclosure**; excluding persons whose consumer reports were pulled solely for a loss mitigation purpose.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

**1. What does the Settlement provide?** The Settlement provides that Seterus will pay no more than six-hundred thousand dollars ($600,000) to settle the class action (the "Settlement Amount"). Each Settlement Class Member who submits an attached Claim Form and does not timely opt out of the Settlement will be entitled to receive a "Class Member Award."

**You may receive up to $50.00 if you submit the Claim Form on page 4 or online at WEBSITE ADDRESS.**

**To be eligible for payment, you must submit the Claim form no later than February 14, 2018.**

In Class Counsel's experience, there should be sufficient funds so that each Class Member who submits a Claim Form will receive $50.00. However, if more than 8,100 people submit claim forms, which is unlikely, the amount you receive will go down evenly between the Class Members. Seterus will pay up to the Settlement Amount, minus any costs for notice, administration, attorney's fees, and award to the lead plaintiff for Class Members who submit a Claim Form. The maximum possible Class Member Award is $50.00 regardless of the size of the number of Claim Forms that are submitted.

Seterus will also pay the cost of notice and administration, up to $125,000. The parties have also agreed that, subject to the Court's final approval, that Ashley Burke shall be entitled to an award of up to five thousand dollars ($5,000) as a service award in recognition of the amount of time and effort she expended by her in acting as class representative.

**2. What should I do if my address is different or I move?** <u>Please remember that you must immediately notify the Administrator of any change of address after you receive this Notice.</u> You can contact the Administrator, ADDRESS or update your information on the enclosed Claim Form or online at WEBSITE ADDRESS.

**3. Release of Claims.** If the Settlement is finally approved, each Class Member who has not opted out of the Settlement Class will be deemed to have completely released Seterus from any and all claim that you may have for it obtaining your credit report after you have received a bankruptcy discharge in violation of 15 U.S.C. § 1681b, or any state law equivalents. You may review the entire release in the Settlement Agreement, which you can find at WEBSITE ADDRESS .

## WHAT CAN YOU DO?

**1. Submit a Claim.** If you would like to receive a payment under the Settlement, you must submit a claim using a claim form. Your Claim Form is attached. It may also be obtained from the Settlement Website, WEBSITE ADDRESS, and you can submit this online. If you submit a valid claim and the Settlement is approved by the Court, you may receive a prorated payment of the Settlement Amount up to $50.00 pursuant to the Settlement.

**2. Do Nothing.** You may take no action in response to this Notice. If you take no action, and the Settlement is approved, **you will not receive** payment pursuant to the Settlement and you will be deemed to have released Seterus as described above and more fully at WEBSITE.

**3. Opt Out of the Settlement Class.** If you would not like to be a part of the Settlement Class, you may opt out. To exclude yourself from the Settlement and the Class, you must send or deliver a written request clearly stating your decision to the Administrator at the following address: ADDRESS. You must include your name and the last four digits of your social security number; the request must be personally signed and dated by you and received by the Administrator **no later than February 14, 2018**; and the request must also state that you understand that you will receive no money from the Settlement. Class Members who do not opt out will be bound by the proposed Settlement and judgment, including the release of claims described above. Class Members who opt out will not be bound by the proposed Settlement or judgment, including the release of claims described above, and will not be entitled to any of the benefits of the proposed Settlement.

**4. Object to the Settlement.** If you are a member of the Class, you may comment upon or object to the terms of the Settlement. If you want your comment or objection to be considered by the Court, you must send a letter that contains (i) your full name, current address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each of your objections; (iv) a written statement detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (v) copies of any documents that the objector wishes to submit in support of your position; and (vi) if you (or your lawyer) want to appear and speak at the Fairness Hearing. You do not need to appear in court to object or comment. **Your objection must be personally signed by you and must be received by the Court no later than February 14, 2018.** The Court's address is: Office of the Clerk, Fernando Galindo, United States Courthouse, Eastern District of Virginia, 701 E. Broad Street, Richmond, Virginia 23219. Copies of your objection <u>must also</u> be mailed to Kristi Kelly, Esq., Kelly & Crandall, PLC, 3925 Chain Bridge Road, Suite 202, Fairfax, VA 22030 and Bryan Fratkin, Esq.,

McGuireWoods LLP, Gateway Plaza, 800 E. Canal Street, Richmond, VA 23219. Objections must be postmarked **no later than February 14, 2018.**

Class Members who do not timely make objections will be deemed to have waived all objections and shall not be entitled to be heard at the Fairness Hearing. If the Court overrules your objection and approves the Settlement, you will still be bound by the terms of the Settlement, and you may still participate in the Settlement.

## DO I NEED A LAWYER?

**1. Do I have a lawyer in this case?** The Court decided that Kristi Kelly, Esq. and Andrew J. Guzzo, Esq. with Kelly & Crandall, PLC and Francis & Mailman, P.C  are qualified to represent the Class Members. They are called "Class Counsel." Ms. Kelly can be reached at 703-424-7572 or e-mail kkelly@kellyandcrandall.com. Please reference the Burke Action.

**2. Can I get my own lawyer?** You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one to represent you but it will be your responsibility to pay. For example, you can ask him or her to appear in Court for you, if you want someone other than Class Counsel to speak for you.

**3. How will the lawyers be paid?** Class Counsel will be paid from any recovery or as otherwise allowed by the Court. Class Counsel has agreed to seek payment of fees and costs for no more than $65,000 from the Settlement Amount.

## FAIRNESS HEARING

The federal district court overseeing the action has preliminarily approved the proposed Settlement as fair, adequate, and reasonable. **The Court will hold a Fairness Hearing on March 12, 2018** at 701 East Broad Street, Richmond, Virginia, commencing at **9:00 a.m.** to determine whether to give final approval to the proposed Settlement. If finally approved, the Settlement will provide payment to members of the Class. **You are not required to attend the hearing in order to participate in the Settlement.**

## GETTING MORE INFORMATION

This Notice summarizes the lawsuit and Settlement. If you have any questions, you can call the Administrator at PHONE. More details are in the pleadings and other documents filed in this lawsuit which can be found at WEBSITE ADDRESS

<u>**Please do not contact the Clerk or the Court, as they cannot answer any questions about the lawsuit or the Settlement**</u>.