IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ASHLEY BURKE, *individually and on behalf of a class of similarly situated persons,* | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Civil Action 3:16-cv-00785 (JAG) |
| | : |
| SETERUS, INC., | : |
| | : |
| Defendant. | : |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

For the reasons below, Plaintiff's Motion for Final Approval of Class Action Settlement, Dismissal of Claims With Prejudice, and Awards of Attorneys' Fees, Costs, and Class Representative Service Awards (ECF. No. **36**) is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on March 12, 2018, at 9:00 a.m., of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Settlement Class:

a. **The "Settlement Class"**

The "Settlement Class" consists of:

> All natural persons: (a) whose FICO scores were obtained by Seterus' Operations Team; (b) after September 22, 2011; and (c) where Seterus' records note that (i) the person's debt on his or her account had already been discharged in bankruptcy pursuant to either Chapter 7 or Chapter 13 of the U.S. Bankruptcy Code; (ii) the consumer's loan was closed with a zero balance; (iii) the servicing of the consumer's loan had been sold or transferred to a third party; or (iv) the real property securing the consumer's home loan had been foreclosed or sold through a short sale or deed in lieu of foreclosure at the time the FICO score was obtained.

There are 54,682 Class Members.

The Court appoints the Plaintiff, Ashley Burke, as the Class Representative. The Court has previously found adequate and appointed as Class Counsel Fed. R. Civ. P. 23(g)(1): Kristi C. Kelly and Andrew Guzzo of Kelly & Crandall and Francis & Mailman, P.C. The Court reaffirms that appointment.

Relative to the Class, the Court specifically finds:

a.   The Class is so numerous that joinder of all members is impracticable;

b.   There are questions of law or fact common to the Class;

c.   The claims of the Named Plaintiff are typical of the claims of the Class that the Named Plaintiff seeks to represent;

d.   The Named Plaintiff and her Counsel will fairly and adequately protect the interests of the Class;

e.   The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f.   Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 98.47 percent of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

Following the payments to Class Members from the Settlement Fund, any funds remaining undisbursed because of uncashed Class Member checks 120 days after mailing shall be paid to Central Virginia Legal Aid Society as a *cy pres* recipient. The deadline for Class Members to cash checks for the Settlement Administrator to distribute any *cy pres* funds may be extended without court approval.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Class. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

Having considered Plaintiff's request for an agreed-upon Service Award of $5,000, the Court concludes that the awards are appropriate. No Class Members have objected to the request, and Defendant does not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiff has earned them by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with their Counsel. The Court orders the $5,000 payment to be made from the Settlement Fund.

3

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees and costs of $65,000, is reasonable and should be awarded. Class Counsel's estimated lodestar accumulated in this case is $52,725 with costs of $865.84, resulting in a multiplier of 1.22.

Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

Defendant has confirmed that they sent to the appropriate Class Action Fairness Act ("CAFA") notices on August 17, 2017. There were no objections or comments from the government officials to whom CAFA notice was sent.

The Court has considered the "objection" of Mr. Grabksy. Because Mr. Grabsky's letter requests exclusion from the class settlement so that he can pursue his own claims against the Defendant, the Court finds that Mr. Grabsky is not a class member and therefore does not have standing to object to the Settlement. Therefore, his objection is overruled.

The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

Plaintiffs' claims, and those of Class Members not listed in Exhibit A [opt outs] to this Order, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

Dated: 3|12 , 2018

/s/

John A. Gibney, Jr.
United States District Judge

John A. Gibney, Jr.
United States District Judge

4



Burke v Seterus FCRA Settlement
2/9/18

## COMPLETE EXCLUSION LIST - 7 CLASS MEMBERS

| Unique ID | First Name | Last Name |
|---|---|---|
| 8032 | RICHARD E | SELLERS |
| 8033 | CLARINDA R | SELLERS |
| 33254 | JORDAN | UTT |
| 51064 | KATHLEEN B | FERREIRA |
| 44789 | TIMOTHY JAMES | BEAUMONT |
| 18800 | CHRISTINE | HANSEN |
| 28413 | KRISTINE | LITTLE |
| | Grabsky | Marc |

Exhibit A